UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEMI DEL CARMEN ACOSTA,<br><br>                    Petitioner,<br><br>v.<br><br>RICK HILL, WARDEN,<br><br>                    Respondent. | Case No.: 19CV1190-H(KSC)<br><br>**REPORT & RECOMMENDATION RE: MOTION TO DISMISS**<br>**[DOC. NO. 6.]** |

For the reasons set forth below, the Court recommends that the Motion to Dismiss filed by Respondent Warden Rick Hill ("Respondent") be GRANTED and that the First Amended Petition for Writ of Habeas Corpus filed by Petitioner Noemi Del Carmen Acosta ("Petitioner") be DISMISSED with prejudice.

**I.    Introduction and Procedural Background**

On January 26, 2016, the abstract of judgment was entered by the Superior Court of California, County of San Diego, in case number SCD260588, for Petitioner's plea of guilty to one count of willful harm or injury to a child, Cal. Penal Code § 273a(a), and admission of personally inflicting great bodily injury on a child victim who was under the

1

age of five. Cal. Penal Code § 12022.7(d). (Doc. No. 7-1, Lodgment 1, p. 1.[1]) She was sentenced to nine years in state prison and did not appeal the conviction. (Doc. No. 7-1, Lodgment 1, p. 1; Doc. No. 7-4, Lodgment 4, p. 1; Doc. No. 7-6, Lodgment 6, p. 1.)

Over three years later, on March 13, 2019, Petitioner constructively filed a state habeas corpus petition in the San Diego County Superior Court, case HC23781, raising a collateral challenge to the judgment entered in SCD260588. (Doc. Nos. 7-2 & 7-3, Lodgments 2 & 3.) In that petition she alleged: 1) she was provided ineffective assistance of counsel because her trial attorney did not adequately investigate the relevant facts and law; and 2) her guilty plea is constitutionally invalid because it was coerced by trial counsel and was not entered into intelligently, knowingly, or voluntarily. (Doc. No. 7-3, Lodgment No. 3, pp. 12-16.) That court denied the petition on April 18, 2019, in substantial part because it was untimely filed. (Doc. No. 7-4, Lodgment No. 4, pp. 2-3.)

On or about May 13, 2019, Petitioner constructively filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, Fourth Appellate District, Division One, case D075841, asserting the same grounds for relief raised in her previous habeas petition filed in the Superior Court. (Doc. No. 7-5, Lodgment No. 5, pp. 17-22.) On May 21, 2019, the Court of Appeal denied the petition because it was untimely. (Doc. No. 7-6, Lodgment 6, p. 2.)

Petitioner did not file a state habeas corpus petition in the California Supreme Court prior to initiating this action with the constructive filing of her federal habeas petition on June 19, 2019. (*cf.* Doc. No. 7-7, Lodgment 1, and Doc. No. 1.)

On September 6, 2019, Respondent filed a Motion to Dismiss in which he argues the petition should be dismissed with prejudice because Petitioner's claims are time-barred by the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). (Doc. No. 6.)

---

[1] When referring to page numbers for documents filed with the Court, the Court uses the page numbering assigned by the Court's ECF system.

Petitioner has not filed an opposition to the Motion to Dismiss, however, on November 14, 2019, she filed a First Amended Petition, in which she raises the same claims made to the state courts and requests the Court stay her federal claims while she pursues exhaustion with the California Court of Appeal. (Doc. No. 9, pp. 7 & 17-22.) Respondent filed a brief in reply to Petitioner's request for a stay and abeyance on November 15, 2019. (Doc. No. 10.)

As discussed below, Respondent's Motion to Dismiss should be granted and the First Amended Petition should be dismissed with prejudice because Petitioner's claims are time-barred.

**II. The Petition Is Time-Barred Under The AEDPA**

The statute of limitations under the AEDPA applies to Petitioner's presentation of claims in this Court. *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1286-87 (9th Cir. 1997), *as amended on denial of rhg. and rhg. en banc, cert. denied*, 522 U.S. 1099 (1998), *overruled on other grounds in Calderon v. U.S. District Court*, 163 F.3d 530 (9th Cir. 1998), *cert. denied*, 523 U.S. 1063 (1999). Pursuant to 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, subparagraphs (B) through (D) plainly do not apply, and Petitioner has provided no argument that they apply. Thus, subparagraph (A) of 28 U.S.C. § 2244(d)(1) applies to Petitioner's claim.

Because Petitioner did not file an appeal, her conviction became final on March 26, 2016, sixty days after judgment was entered in her case on January 26, 2016. Cal. Rules of Court, Rule 31(d); *See also Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001.) (Under California law, a conviction is final sixty days after the Superior Court proceedings are concluded.) Absent any applicable tolling, Petitioner then had 365 days, until March 26, 2017, to timely initiate a federal habeas petition. Because she did not initiate this action until June 19, 2019, over three years after the limitations period expired, this Court next analyzes whether Petitioner is entitled to statutory or equitable tolling.

**A. Statutory Tolling**

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "An application for post-conviction review is pending while a California petitioner completes a full round of state collateral review, including during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Waldrip v. Hall*, 548 F.3d 729, 724 (9th Cir. 2008) (citations and internal quotations omitted, emphasis in original). In California, "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state

court." *Evans v. Chavis*, 546 U.S. 189, 193 (2006) (*citing Carey v. Saffold*, 536 U.S. 214, 222-23 (2002)).

Here, Petitioner did not file her first state habeas petition until March 13, 2019, well after the AEDPA statute of limitations ended. (Doc. Nos. 7-2 & 7-3, Lodgments 2 & 3.) Thus, the pendency of that petition, or any other habeas petition filed in subsequently in the state courts by Petitioner, could not toll the already-expired limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (finding that statutory tolling is not available when first state habeas petition is filed after the AEDPA limitations period has expired). Statutory tolling cannot revive a limitations period that has already ended; it can only serve to pause a clock that has not already run. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Patterson*, 251 F.3d at 1247. Once the federal limitations period has ended, the filing of a state habeas petition cannot revive it. *Ferguson*, 321 F.3d at 823; *Jiminez*, 276 F.3d at 482.

Furthermore, the California state courts both denied Petitioner's collateral filings on the ground that they were untimely under California state law. Untimely or procedurally defective state petitions are improperly filed and do not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).

Therefore, neither of Petitioner's collateral filings had any effect on the AEDPA statute of limitations as they were each filed after the statute of limitations had expired on March 26, 2017. Petitioner's federal petition is time-barred unless she is entitled to equitable tolling.

**B. Equitable Tolling**

Equitable tolling of the one-year statute of limitations on habeas petitions is permitted in the Ninth Circuit, but Petitioner bears the burden of showing that equitable tolling is appropriate. *Espinoza-Matthews v. State of California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Petitioner must establish two elements: "(1) that (s)he has been pursuing (her) rights diligently, and (2) that some extraordinary circumstance stood in (her) way."

*Pace*, 544 U.S. at 418. Equitable tolling is available only if some "external force" beyond the petitioner's direct control caused the untimeliness. *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner has set forth no facts or arguments that equitable tolling should apply, and thus she has not demonstrated either diligence or extraordinariness. Accordingly, the AEDPA's statute of limitations should not be equitably tolled in his case.

**C. Request for Stay and Abeyance**

In her First Amended Petition, Petitioner requests the Court hold her federal habeas claims in abeyance, while she raises her claims with the California Supreme Court, so that she can fully exhaust her state remedies. (Doc. No. 9, p. 7.) As explained above, Petitioner's federal habeas claims are time-barred, irrespective of the fact they were not raised with the California Supreme Court prior to her filing her claims here. Therefore, her request for stay and abeyance should be denied.

**III. Conclusion**

Based on the foregoing, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss [Doc. No. 6] "for failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

IT IS HEREBY ORDERED that ***no later than December 6, 2019*** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to objections shall be filed and served ***within seven (7) days of the filing of the objections***. The parties are advised that failure

to file objections with the specified time may waive the right to raise those objections on appear of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

    IT IS SO ORDERED.

Dated: November 21, 2019

_____
Hon. Karen S. Crawford
United States Magistrate Judge