| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEMI DEL CARMEN ACOSTA,<br><br>                      Petitioner,<br><br>v.<br><br>RICK HILL, WARDEN,<br><br>                      Respondent. | Case No.: 19-cv-01190-H-KSC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. Nos. 6 and 11.] |

     Noemi Del Carmen Acosta, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 on June 24, 2019. (Doc. No. 1.) The Petition raises two claims: (1) that she was provided ineffective assistance of counsel because her trial attorney did not adequately investigate the relevant facts and law; and (2) her guilty plea is constitutionally invalid because it was coerced by trial counsel and was not entered into intelligently, knowingly, or voluntarily. (Doc. No. 7-3, Lodgment No. 3, pp. 12-16.)

On September 6, 2019, Respondent filed a motion to dismiss the Petition. (Doc. No. 6.) Respondent contends that the Petition should be dismissed with prejudice because Petitioner's claims are time-barred by the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). (Doc. No. 6.) Petitioner did not file an opposition but did file a First Amended Petition, in which she raises the same claims made to the state court and requests this Court stay her federal claims while she pursues exhaustion with the California Court of Appeal. (Doc. No. 9, pp. 7, 17-22.) On November 15, 2019, Respondent filed a reply. (Doc. No. 10.)

On November 21, 2019, Magistrate Judge Karen S. Crawford issued a report and recommendation (the "Report" or "R&R") recommending that this Court grant Respondent's motion to dismiss. (Doc. No. 11.) Judge Crawford's order instructed that objections to the Report must be filed by December 6, 2019. Neither party filed any objections.

After careful consideration of the pleadings and for the reasons set forth below, this Court **ADOPTS** the Report and **GRANTS** Respondent's motion to dismiss.

## ANALYSIS[1]

### A. The R&R's Conclusion are Proper

The Court reviews de novo those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if an objection is made*, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); see also Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate

---

[1] The Court adopts and incorporates the procedural and factual background set forth in the R&R and does not recount it here. (Doc. No. 11.)

judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." Reyna-Tapia, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this District. See Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); Nelson v. Giurbino, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); see also Nichols v. Logan, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.)

In this case, the deadline to file written objections to the R&R was December 6, 2019. (Doc. No. 11.) However, no objections have been filed and neither party has requested additional time to do so. Consequently, the Court may adopt the R&R on that basis alone. See Reyna-Tapia, 328 F.3d at 1121. Nonetheless, having conducted a de novo review of the Petition (Doc. No. 1), Respondent Hill's motion to dismiss (Doc. No. 10), and the R&R (Doc. No. 11), the Court concludes that Judge Crawford's recommendations are proper.

**B. The Statute of Limitations Bars the Petition**

Judge Crawford properly concluded that dismissal is warranted based on the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). (Doc. No. 11 at 4-5.) A federal habeas petition may be dismissed with prejudice if it is not filed within the appropriate time period pursuant to the AEDPA. Jiminez v. Rice, 276 F.3d 478, 482–83 (9th Cir. 2001). AEDPA establishes a one-year statute of limitation to file a federal habeas petition for "a person in custody pursuant to the judgment of a State court," which begins to run, in relevant part, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Although the one-year statute of limitations can be calculated based on the "latest" of several other grounds in addition to the ground identified in Section 2244(d)(1)(A), see 28 U.S.C. § 2224(d)(1)(B)–(D), the

Petition does not set forth any facts or arguments that suggest any of these other grounds are applicable. (Doc. No. 1.) Therefore, Acosta's Petition is subject to the 1-year statute of limitations calculated from the date on which the judgment she challenges became final.

Judge Crawford correctly applied the statute of limitations in this case. As Judge Crawford determined, the relevant date for computation of the statute of limitations was one year from the date that the state court conviction became final – March 26, 2016. (Doc. No. 11. at 4.) Absent any applicable tolling, Petitioner then had 365 days, until March 26, 2017, to timely initiate a federal habeas petition. Judge Crawford correctly determined that Acosta was not entitled to any statutory tolling because none of her subsequent filings had any effect on the AEDPA statute of limitations as they were each filed after the statute of limitations had expired on March 26, 2017. Because Petitioner did not initiate this action until June 19, 2019, over three years after her conviction became final, the Petition is barred by AEDPA's one-year statute of limitations.

Next, Judge Crawford soundly reasoned that Acosta is not entitled to equitable tolling of AEDPA's statute of limitations because the Petition does not allege any facts that would explain the delay in bringing a timely Petition. (Doc. No. 11 at 5-6.); Luu v. Beard, 2014 WL 2616878, at *2, 13 (S.D. Cal. June 12, 2014). Accordingly, the Court adopts the R&R and grants Respondent Hill's motion to dismiss the Petition as time-barred by the AEDPA.

**C. The Court Declines to Issue a Certificate of Appealability**

Pursuant to Rule 11 of the Rules following 28 U.S.C. § 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Maciel v. Cate, 731 F.3d 928, 932 (9th Cir. 2013). Based on a review of the Petition, the record, and

the R&R, the Court cannot find that any of these grounds applies. Reasonable jurists would not find debatable or wrong that the Petition is time-barred by AEDPA or that Petitioner has not met her burden to show that equitable tolling is appropriate. Accordingly, the Court declines to issue Petitioner a certificate of appealability

## **CONCLUSION**

For the foregoing reasons, the Court hereby: (1) **APPROVES** and **ADOPTS** the R&R in its entirety (Doc. No. 11); (2) **GRANTS** Respondent Hill's motion to dismiss (Doc. No. 6); (3) **DISMISSES** the Petition **WITH PREJUDICE** (Doc. No. 1); and (4) **DENIES** Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

DATED: January 9, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT